UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILSON, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:18-CV-01249-AJB-JLB<br><br>**ORDER DENYING EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**(Doc. No. 10)** |

Presently before the Court is Defendant Experian Information Solutions, Inc.'s motion for judgment on the pleadings. (Doc. No. 10.) Plaintiffs John Wilson and Nieysha White oppose the motion. (Doc. No. 16.) For the reasons set forth more clearly below, the Court **DENIES** Defendant's motion for judgment on the pleadings.

## I.　BACKGROUND

Plaintiffs John Wilson and Nieysha White ("Plaintiffs") each separately filed for bankruptcy in the United States Bankruptcy Court for the Southern District of California. (Doc. No. 1-3 ¶¶ 22–25). Plaintiffs "requested and obtained a copy of [their] consumer report from Experian." (*Id.* ¶¶ 23, 25.) Plaintiffs allege that their "consumer report[s] contained inaccurate information." (*Id.* ¶ 21.) "Upon close inspection, [Plaintiffs] realized

that Experian had reported the location of [their] bankruptcy information as '940 FRONT ST RM 5N26, SAN DIEGO CA 92101,' rather than the true address [of the bankruptcy court]." (*Id.*) Based on this inaccuracy, Plaintiffs initiated the current class action litigation. (Doc. No. 1-3.) Plaintiffs originally filed this action in the Superior Court of California, County of San Diego. Defendant removed this action to this Court. (Doc. No. 1.) Defendant filed an Answer to Plaintiffs' Complaint. (Doc. No. 8.) Thereafter, Defendant filed the current motion for judgment on the pleadings. (Doc. No. 10.)

## II. LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. Civ. Pro. R. 12(c). "A district court will render a 'judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co. Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (quoting *George v. Pacific – CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996)). "In considering a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff." *United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline*, 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010) (citing *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994)). Judgment on the pleadings is appropriate when, accepting as true all material allegations in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner &Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

## III. DISCUSSION

Plaintiffs' complaint alleges negligent and willful violations of Section 1681e(b). (Doc. No. 1-3 at 8–9.) Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the

report relates." 15 U.S.C. § 1681e(b). "To prove a credit reporting agency's noncompliance with § 1681e(b), a plaintiff must prove that: '(1) inaccurate information was included in [his] credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) [he] suffered injury; and (4) [his] injury was caused by the inclusion of the inaccurate entry." *Avetisyan v. Experian Info. Sols., Inc.*, Case No. CV 14-05276-AB(ASx), 2016 WL 7638189, at *7 (C.D. Cal. June 3, 2016) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The issue here is whether Defendant prepared a consumer report. Section 1681a(d)(1) defines a "consumer report" as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1). The Ninth Circuit recently defined a consumer report as "a report that a CRA issues to third parties for certain qualifying purposes." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 n.3 (9th Cir. 2018) (citing 15 U.S.C. § 1681a(d)(1); *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908 (7th Cir. 2007)). However, the Court finds this definition to be dicta. The Ninth Circuit provided this definition in a footnote in an order where whether a report was a consumer report was not an issue raised in the litigation. *See id.* ("The parties do not dispute that the reports for use by Fannie Mae and other lenders are consumer reports.") Rather the Court believes the controlling case law is that a court may not as a matter of law dismiss an allegation under § 1681e(b) for lack of transmission of the report to a third party. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (holding that "the district court erred in finding that any liability under § 1681e(b) was

predicated, as a matter of law, on the occurrence of some event – denial of credit or transmission of the report to third parties – resulting from the compilation and retention of erroneous information.").

Here, Plaintiffs have not alleged that the consumer report obtained from Defendant were reports that would be issued to third parties for qualifying purposes. Rather, Plaintiffs have alleged that they requested and obtained copies of their consumer report. (Doc. No. 1-3 ¶¶ 23, 25.) However, based on *Guimond*, the Court declines to dismiss Plaintiffs' complaint because they failed to allege that the report was issued to third parties. *See* 45 F.3d at 1333.

Defendant next argues that even if the case law were silent, under Section 1681a(d) would still exclude the report at issue here from the definition of a "consumer report." (Doc. No. 10-1 at 11; Doc. No. 17 at 7.) Section 1681a(d) provides that a consumer report does not include "a report containing information solely as to transactions or experiences between the consumer and the person making the report." 15 U.S.C. § 1681(d)(2)(A)(i). However, the Court finds this unpersuasive. The Court does not agree with Defendant's interpretation that this statute means that a report that is only exchanged between the consumer and the person making the report is excluded from the definition of a "consumer report." Accordingly, the Court declines to dismiss Plaintiffs' complaint on this basis.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion for judgment on the pleadings. (Doc. No. 10.)

**IT IS SO ORDERED.**

Dated: March 29, 2019

Hon. Anthony J. Battaglia
United States District Judge